UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD P. GAMBINO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 16-11109-LTS |
| NETVERSANT SOLUTIONS III, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PATRIARCH PARTNERS AGENCY SERVICES, LCC'S
MOTION TO INTERVENE

September 9, 2016

SOROKIN, J.

Patriarch Partners Agency Services, LLC ("PPAS") has moved to intervene in the present action pursuant to Fed. R. Civ. P. 24(a), which provides that a party may intervene as of right if it "claims an interest relating to the property or transaction that is the subject of the action." Doc. No. 39; Fed. R. Civ. P. 24(a). PPAS argues that it maintains a perfected security interest in the deposit accounts the plaintiffs have sought to attach. Doc. No. 40 at 2. PPAS provided the Court with copies of security agreements demonstrating its interest. One describes PPAS as "agent for itself and for the benefit of the Lenders" and provides that each Grantor, as defined therein, "assigns and grants to Agent, for itself and for the benefit of the other Secured Parties, a continuing security interest in and Lien on" certain collateral. Doc. No. 40-1. Another agreement defines PPAS as "Secured Party" that "represents that it is either (i) a lender . . . or (ii) the agent for a group of such lenders." Doc. No. 40-2. The plaintiffs object to PPAS's intervention, asserting

that PPAS is merely an agent "attempting to appear in the place of unidentified principals."[1]  Doc. No. 65 at 3, 5-6.  The plaintiffs suggest that the lenders represented by PPAS are insiders "whose interests should not prevail" against the plaintiffs.  Doc. No. 77 at 5.  The plaintiffs state, however, that they do not object to intervention by the real parties in interest despite their disagreement on the merits of the claims of the lenders.  Doc. No. 65 at 6-7.

The First Circuit has "emphasized that there is no precise and authoritative definition of the interest required to sustain a right to intervene, while reiterating that the intervenor's claim must bear a sufficiently close relationship to the dispute between the original litigants and that the interest must be direct and not contingent."  Conservation Law Found. of New Eng. v. Mosbacher, 966 F.2d 39, 42 (1st Cir. 1992) (quotation marks and alterations omitted).  Applying this standard, the Court concludes that PPAS has made a sufficient showing to intervene.  The agreements provided by PPAS demonstrate that PPAS holds security interests in the disputed accounts.  Although some questions remain, such as whether PPAS is itself a secured lender and the identities of the creditors it represents, those topics may be explored in discovery and may bear on any relief sought by PPAS.  Should discovery reveal that PPAS lacks a direct interest in the disputed property, the plaintiffs may move to vacate this Order.

---

[1] The plaintiffs also objected that PPAS did not file or serve the pleading required by Fed. R. Civ. P. 24(c) which provides that "[t]he motion [to intervene] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Doc. No. 65 at 4-5.  In response, PPAS moved to amend its motion to intervene to include its proposed pleading.  Doc. No. 74.  The Court ALLOWS the motion to amend.

PPAS's motion to intervene, Doc. No. 39, and motion to amend its motion to intervene, Doc. No. 74, are ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge